**Irma Delia ESCALANTE–FIGUEROA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74699.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 14, 2005.

Irma Delia Escalante–Figueroa, Hawthorne, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Lopez Wright, Esq., Song Park, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Irma Delia Escalante–Figueroa, a native and citizen of Mexico, petitions pro se for review of a Board of Immigration Appeals ("BIA") order denying her motion to reopen and reconsider the BIA's prior order dismissing her appeal from an Immigration Judge's ("IJ") removal order. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We deny the petition for review in part and dismiss it in part.

Escalante–Figueroa's motion focused solely on the IJ's failure explicitly to address her cancellation of removal application. She did not challenge the BIA's determination that she was convicted of two separate petty theft offenses, rendering her ineligible for the relief sought. Reviewing for abuse of discretion, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), we conclude that the BIA acted within its discretion in denying the motion because Escalante–Figueroa failed to show "any basis for reopening or reconsideration." *See* 8 C.F.R. § 1003.2(b), (c). In

addition, even assuming that the IJ's failure to specify the denial of Escalante–Figueroa's cancellation of removal application was a due process violation, Escalante–Figueroa has not demonstrated the prejudice required for relief. *See Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1007 (9th Cir.2003).

Escalante–Figueroa's remaining contentions were not presented to the BIA. We therefore lack jurisdiction to review them. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (holding that exhaustion is mandatory and jurisdictional).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

